IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEONARD J. GIANNINI,

          Plaintiff,

    v.

AMERICAN HOME MORTGAGE SERVICING, INC. AND DOES 1-10, inclusive,

          Defendants.

NO. C11-04489 TEH

<u>ORDER DENYING MOTION TO REMAND, VACATING HEARING AND SETTING FURTHER BRIEFING SCHEDULE</u>

    This matter comes before the Court on a motion brought by Plaintiff Leonard Giannini ("Plaintiff" or "Giannini"), seeking to remand the case to state Superior Court. The Court finds that the parties have presented sufficient material for a decision on this issue, and the hearing currently set for December 19, 2011, is therefore VACATED. For the reasons detailed below, the motion to remand is DENIED.

**BACKGROUND**

    Plaintiff has a mortgage with Defendant. Plaintiff alleges that the Defendant contacted him in September of 2010, encouraging him to apply for loan modification. He was denied in November of that year, but the letter of denial informed him he may be eligible for another type of modification. He applied for that, and was informed in December that the Defendant had been attempting to contact him regarding modification, but had been unsuccessful. The letter implied that he must no longer be interested in modification, and Plaintiff responded by resubmitting his application, by fax and by express mail. At this point, a foreclosure action was pending, with a date set for foreclosure on January 11, 2011. The specific payment deficiencies leading up to foreclosure are not detailed in the complaint, but Defendants allege

that as of September 1, 2010, the mortgage had accrued $16,296.63 in arrearages. The January 11, 2011 foreclosure sale has not resulted in an effective sale of the property, and the deed is still held by Defendants.

Plaintiff's initial suit, filed in the Superior Court of the State of California for the County of Alameda, brought claims under both state and federal law, alleging intentional and negligent misrepresentation, fraudulent concealment, and violation of Cal. Bus. & Prof. C. Section 17200 *et seq.*, as well as violations of the Truth in Lending Act, 15 U.S.C. sections 1601-1667f ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. sections 2601-2617 ("RESPA") and the Fair Credit Reporting Act, 15 U.S.C. section 1681, *et seq.* ("FCRA"). All claims were based on allegations concerning the loan with Defendant.

Defendant removed the matter to federal court on September 9, 2011. Jurisdiction under 28 U.S.C. section 1441(b) was premised on the inclusion of federal claims, creating original jurisdiction under 12 U.S.C. section 1331, as well as on diversity of the parties under 12 U.S.C. section 1332. The written promissory note is in the amount of $825,000.00, and the Defendant, in their notice of removal, declared that the citizenship of American Home Mortgage Servicing, Inc. ("AHMSI") is limited to the states of Delaware (where AHMSI is incorporated) and Texas (where the company's corporate offices are located, and from where its income is derived). They therefore asserted that there was complete diversity between themselves and the Plaintiff, who is a citizen of California.

Since the removal, the Plaintiff has amended his complaint, excising all federal claims. He now moves to remand the case to state court, and argues that there is no diversity between the parties, as AHMSI has California citizenship arising from the presence of AHMSI offices in Irvine, CA.

**LEGAL STANDARD**

The right to remove a case to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts

2

of the United States have original jurisdiction, may be removed by the defendant or the defendants...." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1441(a), if a plaintiff could initially have filed an action in federal court, a defendant may remove that action to federal court. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988).

An action may be filed in federal court if there is diversity of citizenship among the parties, or if the action raises a substantial federal question. *Ethridge*, 861 F.2d at 1393. District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Diversity jurisdiction in federal court requires complete diversity of citizenship: each plaintiff must be a citizen of a different state than each defendant. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

Once removed, in deciding whether to remand a case, this Court must determine whether the case was properly removed to this Court. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). There is a strong presumption against removal jurisdiction, and the party seeking removal has the burden of establishing that removal is proper. See *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). The Ninth Circuit, in particular, strictly construes the removal statute against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the propriety of removal initially. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (stating that removal statutes should be construed narrowly in favor of remand to protect jurisdiction of state courts). If there is any doubt regarding the existence of federal jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *Gaus*, 980 F.2d at 566; *see also Molina v. Lexmark Intern.*, Inc., 2008 WL 4447678, at *4 (C.D.Cal., Sept.30, 2008). The defendant has the burden of proving that removal is proper and that all of the prerequisites are satisfied. *L'Garde, Inc. v. Raytheon Space and Airborne Systems*, --- F.Supp.2d ----, 2011 WL 3168806 at *1 (C.D.Cal., July 26, 2011).

3

To determine diversity of citizenship in the context of diversity jurisdiction, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). Recently, in *Hertz Corp. v. Friend*, the Supreme Court held that a corporation's principal place of business is solely determined by the state of its "nerve center." ––– U.S. ––––, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).

A corporation's nerve center is "where a corporation's officers direct, control, and coordinate the corporation's activities ... [a]nd in practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination." *Hertz*, 130 S.Ct at 1192. The presence of a Defendant corporation's offices in the Plaintiffs' state of citizenship does not necessarily defeat diversity–rather, courts have held that where a company has large offices or facilities in the Plaintiff's home state, there is nevertheless diversity of citizenship unless the company's "executive-level decisions" are made at the offices in that state–if those decisions take place in another state, the nerve-center test dictates that the citizenship of the company will fall there. *L'Garde,* 2011 WL 3168806 at *6.

California district courts have found that reliance on a single piece of evidence, such as a Secretary of State printout, is insufficient for a party to prove the location of its headquarters under the nerve center test. *See N. Cal. Power Agency v. AltaRock Energy, Inc.*, No. 11–1749, 2011 WL 2415748, at *2–3 (N.D.Cal. June 15, 2011) (finding a Secretary of State printout insufficient as sole piece of evidence to prove a party's nerve center); *Ganesan v. GMAC Mortg., Inc.*, No. C 11–0046, 2011 WL 1496099, at *2 (N.D.Cal. Apr. 20, 2011)**;** *see also Hertz*, 130 S.Ct. at 1195 (finding "the mere filing of a form ... listing a corporation's 'principal executive offices' would, without more," be insufficient proof to establish a corporation's "nerve center").

4

**DISCUSSION**

*1. Motion to Remand*

Following the amendment of the complaint, there is no federal question remaining in this case, and therefore the only remaining basis for federal jurisdiction is diversity of citizenship.

Neither party disputes the amount in controversy, nor do they dispute the fact that Defendant AHMSI is incorporated in Delaware, making it a citizen of the state of Delaware for diversity purposes. The parties diverge as to where the nerve center of AHMSI lies, and therefore what the alternate state of AHMSI's citizenship would be.

Plaintiff claims that AHMSI has offices in Irvine, California which serve as the company's nerve center. The Plaintiff acknowledges that the offices in question are the "Property Loss Department", which is at 6501 Irvine Center Drive, Irvine, CA 92618. However, they also claim these offices constitute "national headquarters" of AHMSI.

Defendant argues that AHMSI is a citizen of Delaware and Texas, not California. They note that in their Notice of Removal, they declared their principal place of business to be Texas. In their notice of removal, the Defendant declares that AHMSI has "corporate offices located only in Texas, all of AHMSI's employees are located in Texas, AHMSI earns all of its income in Texas and, to the extent AHMSI makes sales and purchases, all such sales and purchases take place in Texas." In their response to the motion to remand, they also include a print-out from the California Secretary of State's website, which lists AHMSI's address as Coppell, Texas. They argue that merely doing business in California does not confer California citizenship. Finally, they direct the Court to two cases in which AHMSI has been held to be a citizen of Delaware and Texas: *Eckerle v. Deutsche Bank National Trust, et al.*, 2010 WL 3984687 (D. Hawaii) and *Bell v. American Home Mortgage Servicing, Inc.*, 2011 WL 5041166 (N.D. Cal.). Finally, they point out that the Plaintiff has not presented evidence to "cast doubt on [the] assertion" that AHMSI isn't a California citizen.

Defendant AHMSI seems to be mistaken as to where the burden presently lies. The burden is on the party asserting federal jurisdiction to prove that jurisdiction is proper: in this

case, the burden is on the Defendant to prove that diversity is complete. It is not the Plaintiff's responsibility to prove that the Texas offices are not the nerve center and the California offices are–rather, it is the Defendant's responsibility to prove that their Texas offices are, in fact, the nerve center of the company. At present, the only support for their assertion is the website they offer listing their address on their California licensure through the California Secretary of State.

Though the evidence presented by the Defendant AHMSI is, taken by itself, insufficient to prove Texas citizenship, the Court takes judicial notice of the holdings in *Eckerle v. Deutsche Bank National Trust, et al.*, 2010 WL 3984687 (D. Hawaii) and *Bell v. American Home Mortgage Servicing, Inc.*, 2011 WL 5041166 (N.D. Cal.). In both of these cases, AHMSI was found to be a citizen of Delaware and Texas, and, having taken judicial notice of the rulings in both cases, this Court must conclude that the citizenship of AHMSI is, indeed, of those states. There is, therefore, complete diversity between the parties, and a sufficient amount in controversy to meet the requirements of 28 U.S.C. § 1332; federal jurisdiction is proper in this case.

*2. Upcoming Motion to Dismiss: Change of Schedule*

There is an additional motion presently pending in this matter, which is Defendant's motion to dismiss, initially filed on November 7, 2011. This motion was set for hearing on January 9, 2011, however the lack of timely response from Plaintiff (whose response was due on November 21, 2011) necessitates that the hearing set for January 9th be continued and a schedule for outstanding briefing set. The new schedule shall be as follows: Plaintiff shall file a response to Defendant's motion to dismiss by January 6, 2012. Any reply by Defendant shall be due on January 13, 2012, and the motion shall be heard at 10:00 a.m. on January 30, 2012, in Courtroom 2, 17th Floor, of the U.S. District Court at 450 Golden Gate Avenue, San Francisco.

6

**CONCLUSION**

Plaintiff's motion to remand is DENIED. The hearings presently set for December 19th and January 9th are VACATED. The hearing on Defendant's motion to dismiss is re-set for January 30, 2012, and the court hereby ORDERS the parties to adhere to the briefing schedule set above.

**IT IS SO ORDERED.**

Dated: 12/15/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT