United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEONARD J. GIANNINI,

           Plaintiff,

      v.

AMERICAN HOME MORTGAGE SERVICING, INC. AND DOES 1-10, inclusive,

           Defendants.

NO. C11-04489 TEH

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

    This matter comes before the Court on a motion brought by Defendant American Home Mortgage Servicing, Inc. ("AHMSI"), seeking dismissal of the complaint, or, in the alternative, a more definite statement. The Court heard this motion on January 30, 2012, and, having carefully considered the arguments presented by counsel, hereby GRANTS IN PART AND DENIES IN PART the motion to dismiss, for the reasons detailed below. In light of the dismissed claims, the motion for a more definite statement is DENIED AS MOOT.

**BACKGROUND**

    Plaintiff Leonard Giannini ("Plaintiff" or "Giannini") has a mortgage, originated in April of 2007, which is serviced by Defendant AHMSI. In the spring of 2009, Defendant claims, Plaintiff defaulted on his mortgage. Plaintiff alleges that the Defendant contacted him in September of 2010, encouraging him to apply for loan modification. He was denied in November of that year, but the letter of denial informed him he may be eligible for another type of modification. He applied for that, and was informed in December that the Defendant had been attempting to contact him regarding modification, but had been unsuccessful. According to Plaintiff, the letter implied that he must no longer be interested in modification,

and Plaintiff responded by resubmitting his application, by fax and by express mail. At this point, a foreclosure action was pending, with a date set for foreclosure on January 11, 2011. The specific payment deficiencies leading up to foreclosure are not detailed in the complaint, but Defendants allege that as of September 1, 2010, the mortgage had accrued $16,296.63 in arrearages. The January 11, 2011 foreclosure sale has not resulted in an effective sale of the property, and the deed is still held by Defendants.

Plaintiff's initial suit, filed in the Superior Court of the State of California for the County of Alameda, brought claims under both state and federal law, alleging intentional and negligent misrepresentation, fraudulent concealment, and violation of California Business & Professions Code § 17200 *et seq*., as well as violations of the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617 ("RESPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

Defendant removed the matter to federal court on September 9, 2011, and later amended the complaint, excising all federal claims. This Court retains jurisdiction over the matter due to the parties' diversity of citizenship, with Plaintiff being a citizen of California and AHMSI having citizen ship in Delaware, the state of its incorporation, as well as in Texas, where its headquarters and principal place of business lie. AHMSI now moves to dismiss Plaintiff's amended complaint.

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation."*Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949-50 (2009).

2

A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

In ruling on a motion to dismiss, the Court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  The court may consider judicially noticeable court records to determine the preclusive effect of prior decisions without converting a motion to dismiss to a motion for summary judgment.  *See, e.g.*, *Shaw v. Hahn*, 56 F.3d 1128 at 1129 n.1 (9th Cir. 1995).

**DISCUSSION**

*1. Tender Rule*

Defendant argues first that all of the claims should be dismissed because each of them is based on an alleged wrongful foreclosure and Plaintiff has failed to provide or allege tender of the indebtedness owed.

"The California Court of Appeal has held that the tender rule applies in an action to set aside a trustee's sale for irregularities in the sale notice or procedure and has stated that '[t]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the

3

plaintiffs.' " *Cohn v. Bank of America*, 2011 WL 98840, at *9 (E.D.Cal. 2011) (quoting *FPCI RE–HAB 01 v. E & G Invs., Ltd.*, 207 Cal.App.3d 1018, 1021 (1989)).

"It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security. This rule is premised upon the equitable maxim that a court of equity will not order that a useless act be performed." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 578–79 (1984).

In other words, the action challenging the validity of a foreclosure is an action in equity, and a party seeking to set aside the foreclosure must do equity before the court will exercise its own equitable powers. "Therefore, as a condition precedent to an action by the trustor to set aside the trustee's sale on grounds that the sale is voidable, the trustor must pay, or offer to pay, the secured debt, or at least all of the delinquencies and costs due for redemption, before an action is commenced or in the complaint. Without an allegation of such a tender in the complaint that attacks the validity of the sale, the complaint does not state a cause of action." *Miller & Starr California Real Estate 3d* § 10:212.

The equitable nature of this action both requires tender as a rule and creates exceptions to the rule, exempting those situations where requiring tender would be inequitable. "[T]ender may not be required where it would be inequitable to do so." *Onofrio v. Rice*, 55 Cal.App.4th 413, 424 (1997); *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 291 (1911) (recognizing holdings wherein "a party has the right to avoid a sale, [and] he is not bound to tender any payment in redemption" and "it is certainly not the law that an offer to pay the debt must be made, where it would be inequitable to exact such offer of the party complaining of the sale").

Some courts have gone so far as to limit the tender rule to those cases where the sale of the property has been completed, and the plaintiff subsequently seeks to set aside the sale (as opposed to an action seeking to prevent a sale in the first place). *See, e.g., Vissuet v. Indymac Mortg. Services*, 2010 WL 1031013, at *3 (S.D.Cal. March 19, 2010) ("where a party has the right to avoid a sale, he is not bound to tender any payment in redemption.").

4

1    Indeed, while it is sensible to require tender following a flawed sale–where
2 irregularities in the sale are harmless unless the borrower has made full tender–to do so prior
3 to sale, where any harm may yet be preventable, is not. *Mabry v. Superior Court*, 185
4 Cal.App.4th 208, 225 (2010) ("[T]he whole point of section 2923.5 is to create a new, even if
5 limited right, to be contacted about the possibility of alternatives to full payment of
6 arrearages. It would be contradictory to thwart the very operation of the statute if
7 enforcement were predicated on full tender. It is well settled that statutes can modify
8 common law rules.").

9    Here, Plaintiff is contesting the validity of the sale, and therefore argues that to require
10 tender would be inequitable. *See In re Salazar*, 448 B.R. 814, 819 (S.D.Cal.2011); *Sacchi v.*
11 *Mortgage Electronic Registration Systems, Inc.*, 2011 WL 2533029, at *9–10 (C.D.Cal. June
12 24, 2011) (declining to require tender in wrongful foreclosure action because it "would
13 permit entities to foreclose on properties with impunity"). The Court agrees, and finds that it
14 would be inappropriate to require that Plaintiff make tender before bringing an action to
15 challenge the sale[1].

16    Therefore, the Court is not persuaded by Defendant's assertions regarding the tender
17 rule, and finds, with a single exception (discussed below), the tender rule does not bar
18 Plaintiff's claims.

19

20 *2. Injunctive Relief*

21    "Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action
22 must exist before injunctive relief may be granted." *Clark v. Countrywide Home Loans, Inc.*,
23 732 F.Supp.2d 1038, 1051 (E.D.Cal. 2010) (quoting *Camp v. Board of Supervisors*, 123
24 Cal.App.3d 334, 356 (1981)); *Vega v. JP Morgan Chase Bank, NA*, 654 F.Supp.2d 1104,
25 1112 (E.D.Cal. 2009). Plaintiff does not directly respond to Defendant's assertion that
26 injunctive relief is not a valid cause of action, and the Court agrees that dismissal of

---

[1]Though the tender rule is not, as Defendant asserts, a broad bar to all of Plaintiff's claims, it may bar individual causes of action, as discussed in more detail below.

5

1 Plaintiff's second cause of action is appropriate.  Furthermore, as no set of facts could state a
2 claim for injunctive relief, the motion to dismiss this cause of action is GRANTED and this
3 cause of action is DISMISSED WITH PREJUDICE.

*3. Declaratory Relief*

The Declaratory Judgment Act states, "In a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). However, "[t]he Declaratory Judgment Act does not grant litigants an absolute right to a legal determination." *United States v. Washington*, 759 F.2d 1353, 1356 (9th Cir. 1985).  "This text has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 136 (2007) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Even "after a full consideration of the merits, [the court may] exercise its discretion to refuse to grant declaratory relief because the state of the record is inadequate to support the extent of relief sought" or even "when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *Washington*, 759 F.2d at 1356; 1357.

In the present case, Plaintiff seeks a declaration that Defendant did not have the power of sale to authorize initiating foreclosure proceedings, and, additionally, a declaration that Plaintiff has not breached any obligation owed to Defendant and therefore the declaration of default is improper and the foreclosure proceedings invalid.  Defendant argues that there is no actual controversy between itself and Plaintiff, and, furthermore, declaratory relief is inappropriate where the issues to be determined are duplicative of, or subsumed within, existing causes of action (a principle for which they cite *Segura v. Green Tree Servicing, LLC*, 2011 WL 2462856 at *2 (E.D.Cal. 2011)).

Plaintiff asserts that AHMSI lacked the authority to initiate foreclosure proceedings and improperly declared default, but the facts set forth in the complaint fall short of

6

1  adequately stating a claim.  Though the complaint makes conclusory statements about the
2  scope of AHMSI's authority and the state of Plaintiff's loan obligation at the time default
3  was declared, the factual allegations are insufficiently specific to sustain the declaratory
4  judgment sought.  The Court therefore GRANTS the motion to dismiss this cause of action.

5  Though the complaint is presently insufficient, the Defendant's assertions that these
6  issues are subsumed by other causes of action, or that there exists no justiciable controversy
7  between Plaintiff and Defendant, are unpersuasive.  Nor does the Court find that the
8  documentation[2] submitted by Defendant establishes AHMSI's role clearly enough to render
9  any amendment by Plaintiff fruitless.  Therefore, Plaintiff's first cause of action is
10 DISMISSED WITH LEAVE TO AMEND.

*4. Quiet Title*

13 Under California law, a borrower is required to have paid the outstanding debt on
14 the property before he may quiet title against a mortgagee.  *Nool v. HomeQ Servicing*, 653
15 F.Supp.2d 1047 (E.D.Cal. 2009).  In other words, "a trustor/borrower is unable to quiet title
16 without discharging his debt.  The cloud upon his title persists until the debt is paid." *Coyotzi*
17 *v. Countrywide Fin. Corp*. 2009 WL 2985497 at *20 (E.D.Cal. 2009).

18 Plaintiff, in opposing the motion, raises precedential cases where a plaintiff's ability
19 to make partial tender–in the form of ongoing payments, or delayed delivery of the sum
20 due–overcame this bar to an action to quiet title.  The Court cannot apply such circumstances
21 in the present case, however, as Plaintiff has not specified whether such an arrangement is

---

[2]Defendant requests judicial notice of a number of documents relating to the entities and transactions involved in this case.  Generally on a motion to dismiss, a court may only consider "allegations contained in the pleadings," "exhibits attached to the complaint," and "matters properly subject to judicial notice" and, also, "a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).  Defendant seeks to admit ten documents, all of which are either the notices and written memorializations of events referenced in the complaint, court orders and opinions, or documentation of business entities held by government agencies.  All are publicly recorded and their authenticity is not in dispute.  Furthermore, Plaintiff has not opposed this request.  The Court therefore finds that each of these documents is properly judicially noticed and GRANTS Defendant's request.

7

contemplated, ongoing, possible, or utterly inapplicable in this case. Though counsel for Plaintiff was given an opportunity to discuss the possibility of tender during oral argument, no clear information regarding Plaintiff's ability to make tender emerged–rather, while Plaintiff generally states that he is capable of and willing to make tender in the form of ongoing payments, the contemplated figures and time required to make tender remain unknown. Without tender, this cause of action is unavailable, and therefore the motion to dismiss is GRANTED. However, as there remains some dearth of information on Plaintiff's willingness and capacity to make tender, Plaintiff's third cause of action is DISMISSED WITH LEAVE TO AMEND.

*5. Rosenthal Act: California Civil Code § 1788 et seq.*

Defendant argues that California's Rosenthal Fair Debt Collections Practices Act ("RFDCPA") does not apply to AHMSI, asserting that mortgage companies are not debt collectors and foreclosure is not debt collection. A mortgage servicing company is only exempted from the RFDCPA if the mortgage was not in default at the time that it began servicing the loan. *Lang v. Ocwen Financial Services, Inc*., 2011 WL 1258346 at *4 (D.Mont. 2011). Following *Lang*, Plaintiff's allegation that Defendant was a "debt collector" is sufficient. *Id*. at *4-5.

The Court acknowledges that foreclosing on a property pursuant to a deed of trust does not constitute "debt collecting" under the RFDCPA. *Clark v. Countrywide Home Loans, Inc.*, 732 F.Supp.2d 1038, 1048 (E.D.Cal. 2010); *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D.Cal. 2008); *see also Keen v. American Home Mtg. Servicing, Inc.*, 664 F.Supp.2d 1086, 1095 (E.D.Cal. 2009); *Rosal v. First Federal Bank of California*, 671 F.Supp.2d 1111, 1135 (N.D.Cal. 2009) (foreclosing on property pursuant to deed of trust not debt collection within meaning of Rosenthal Act). However, this is an affirmative defense available to AHMSI, not grounds for dismissal. *See Lang*, 2011 WL 1258346 at *4-

5. As it would be inappropriate for the Court to base a dismissal under Rule 12(b)(6) on an affirmative defense, the motion to dismiss Plaintiff's fourth cause of action is DENIED.

*6. California Business and Professions Code § 17200*

To bring a claim under the California Unfair Competition Law, a plaintiff must show either an (1) "unlawful, unfair, or fraudulent business act or practice," or (2) "unfair, deceptive, untrue, or misleading advertising." *Lippitt v. Raymond James Fin. Servs.,* 340 F.3d 1033, 1043 (9th Cir. 2003) (quoting Cal. Bus. & Prof. C. § 17200).

"A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation*."* *Khoury v. Maly's of California, Inc*., 14 Cal. App. 4th 612, 613 (1993) . The complaint alleges that Defendant violated this statute by engaging in "the following practices:", which it then does not list*.* Given this omission, the Court GRANTS the motion to dismiss, though the cause of action shall be DISMISSED WITH LEAVE TO AMEND.

*7. Promissory Estoppel*

The elements of a promissory estoppel claim are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3)[the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Laks v. Coast Federal Savings & Loan Assn*., 60 Cal.App.3d 885, 890 (1976). Here, Defendant argues that there was no unambiguous promise, and that any reliance on the part of Plaintiff was unreasonable, given the fact that loan modification is never guaranteed, and, when granted, clearly accompanied by signed documents in confirmation. The complaint itself fails to specifically allege the oral agreement in question–though Plaintiff offers more detail in his response to the motion, the complaint itself only contains allegations that Defendant invited Plaintiff to apply for various modification plans, denied one application, and failed to respond regarding the other

9

application. The promise on which this claim is based being absent from the pleadings, this motion is GRANTED and the cause of action is DISMISSED WITH LEAVE TO AMEND.

*8. California Civil Code § 2923.5*

California Civil Code § 2923.5(a)(1) provides that "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g)." Cal. Civ. Code § 2923.5(a)(1). Paragraph (2) requires, "[a] mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." *Id.* § 2923.5(a)(2). Subdivision (g), in describing the required diligence, states that "[a] notice of default may be filed ... when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent." *Id.* § 2923.5(g).

Defendant argues that AHMSI complied with section 2923.5, citing the papers which Plaintiff admits, in the complaint, having received. Plaintiff alleges that, though he was contacted about modification and applied several times for various modifications of his loan, there was no meaningful contact with the lender, assessment of his financial situation and exploration of options as required by section 2923.5(a)(2)–rather, the contact between AHMSI and Plaintiff regarding modification was not "in good faith." Whether the contact between Plaintiff and Defendant conforms to Plaintiff or Defendant's version is a question of fact, but, regardless, there are facts sufficient in the complaint to state a claim under this section.

Defendant further argues that the claims under this section are preempted by federal law: specifically, by the National Bank Act ("NBA"), 12 U.S.C. § 21 and the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1464. "[P]reemption may be inferred when federal regulation in a particular field is 'so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it.' " *Bank of Am. v. City & County of S.F.*, 309 F.3d 551, 558 (9th Cir. 2002) (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). The NBA establishes that state laws that "obstruct, impair, or condition a national bank's ability to fully exercise its federally authorized real estate lending powers" are preempted. 12 C.F.R. § 34.4(a). "State attempts to control the conduct of national banks are void if they conflict with federal law, frustrate the purposes of the National Bank Act, or impair the efficiency of national banks to discharge their duties...The supremacy of the federal government in regulating national banks has long been recognized." *Bank of Am. v. City & County of S.F.*, 309 F.3d 551, 558 (9th Cir. 2002). Moreover, "[t]he extent of Federal regulation and supervision of Federal savings associations under the Home Owners' Loan Act is substantially the same as for national banks under the national banking laws, a fact that warrants similar conclusions about the applicability of state laws to the conduct of the Federally authorized activities of both types of entities." 69 Fed. Reg. 1904, at 1912 n. 62.

HOLA has been described as "a 'radical and comprehensive response to the inadequacies of the existing state system,' and 'so pervasive as to leave no room for state regulatory control.' " *Id*. at 1004-05 (citation omitted). *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1004-5 (9th Cir. 2008). Congress, through HOLA, gave the Office of Thrift Supervision ("OTS") "broad authority to issue regulations governing thrifts." *Id.* at 1005 (citing 12 U.S.C. § 1464). One of the regulations issued by OTS, 12 U.S.C. § 560.2 ("§ 560.2"), deals with preemption, and the Ninth Circuit has held that this regulation has no less preemptive effect than HOLA itself. *Id.*

The regulation has three main sections – 560.2(a), 560.2(b), and 560.2(c). Section 560.2(a) provides that

11

> OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section . . . .

12 C.F.R. § 560.2(a). Section 560.2(b) offers "illustrative examples" of state laws preempted by HOLA, and § 560.2(c) does the same for state laws generally not preempted. 12 C.F.R. §§ 560.2(b), (c). Of the specific types of state laws that are preempted under § 560.2(b), Wells Fargo argues that one is applicable to this case. Section 560.2(b)(10) states that "the types of state laws preempted by [§ 560.2(a)] of this section include, without limitation, state laws purporting to impose requirements regarding . . . [p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages."

Section 560.2(c) provides that

> [s]tate laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of [§ 560.2(a)]:
>
> (1) Contract and commercial law;
>
> (2) Real property law;
>
> (3) Homestead laws specified in 12 U.S.C. 1462a(f);
>
> (4) Tort law;
>
> (5) Criminal law; and
>
> (6) Any other law that OTS, upon review, finds:
>
> (I) Furthers a vital state interest; and
>
> (ii) Either has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section.

12. C.F.R. 560.2(c).

Insofar as this statute governs solely the delay of foreclosure, the California Court of Appeals has construed it to be outside the scope of preemption. *See Mabry*, 185 Cal.App.4th at 213-219; *but see Giordano v. Wachovia Mortgage*, FSB, 2010 WL 5148428 at *4, 5 (N.D.Cal. 2010) (claim under section 2923.5 preempted by federal law under HOLA).

However, the majority of federal case law holds that this section is preempted by HOLA. *See Wornum v. Aurora Loan Services, Inc.*, 2011 WL 3516055 at *7 (N.D.Cal. 2011)*; Taguinod v. World Sav. Bank, FSB*, 755 F.Supp.2d 1064, 1073-74 (C.D.Cal. 2010). In light of the weight of federal authority, and noting that this case differs from *Mabry* in that the remedy sought here goes beyond a mere *delay* of foreclosure to which the *Mabry* court tailored its holding, the Court must find this statute preempted by HOLA, and GRANT the motion to dismiss. In an abundance of caution, the claim is DISMISSED WITH LEAVE TO AMEND.

*9. Cal. Civ. Code § 2923.6 (2924)*

Plaintiff alleges a claim under California Civil Code § 2923.6, which addresses the rights and obligations of a loan servicer with respect to participants in a loan pool. However, "section 2923.6...does not operate substantively. Section 2923.6 merely expresses the hope that lenders will offer loan modifications on certain terms."*Mabry*, 185 Cal.App.4th at 222 (2010). There is no private right of action created under this statute. *See Farner v. Countrywide Home Loans, Inc.*, 2009 WL 189025, *22 & n. 1 (S.D.Cal. 2009) (no private right of action for borrowers); *Ruiz v. Saxon Mort. Services*, 2009 WL 1872465, *2 n. 2 (C.D.Cal. 2009) (no cognizable claim for wrongful foreclosure under statute); see also *Nool v. HomeQ Servicing*, 653 F.Supp.2d 1047, 1052 (E.D.Cal. 2009) (lender not obligated to provide loan modification under section 2923.6). Therefore, Plaintiff cannot state a claim under this statute. The motion to dismiss is GRANTED and the claim is DISMISSED WITH PREJUDICE.

*10. AHMSI As Improper Defendant*

Though AHMSI argues that it is not the proper defendant, it acknowledged at oral argument that this assertion is limited to those claims involving the terms of the loan itself, or seeking to void the power of sale–for claims arising purely from the servicing of the loan, AHMSI acknowledges it is properly named.  With regards to claims involving loan terms or seeking to void sale, AHMSI argues that Deutsche Bank, the present beneficiary of the loan, is the correct defendant, and not AHMSI.

Documents noticed by the Court establish that the original lender involved in Plaintiff's mortgage was a subsidiary of a parent company which went bankrupt, and, in the course of the bankruptcy proceedings, created AHMSI for the purpose of purchasing the servicing rights on the loans held by the parent company–including the loans made by the original lender in this case.  They further establish that AHMSI is not the named beneficiary or trustee on Plaintiff's mortgage–rather, AHMSI only appears on the submitted documents as either a point of contact (as on the Notice of Default and the Assignment of Deed of Trust) or alongside other entities (such as on the Substitution of Trustee, where AHMSI is mentioned in connection with the entity for which Deutsche Bank, the beneficiary, is itself a trustee) or not at all (such as on the Notice of Sale).  From the record, it is impossible to determine whether AHMSI is, in fact, the "trustee, mortgagee, or beneficiary, or any of their authorized agents" authorized by law initiate nonjudicial foreclosure (Cal. Civ. Code § 2924(a)(1)), or the true extent and nature of AHMSI's involvement on the whole.

Given the lack of clarity presently surrounding AHMSI's role in Plaintiff's mortgage and foreclosure, and in light of the dismissal of all but one of Plaintiff's claims, the Court need not determine, at present, whether AHMSI is improperly named in this suit–those claims which may have been improperly brought have been dismissed, and the question is therefore, at present, moot.  In the event Plaintiff elects to amend the complaint, he should do so with these concerns in mind.

**MOTION FOR A MORE DEFINITE STATEMENT**

In light of the dismissal of all but one of Plaintiff's claims, the motion for a more definite statement is DENIED AS MOOT.

**CONCLUSION**

Plaintiff's first, third, fifth, and sixth and seventh causes of action are DISMISSED WITH LEAVE TO AMEND.  Plaintiff's eighth cause of action, to the extent that it seeks to make a claim under section 2923.6, is DISMISSED WITH PREJUDICE, as that section provides no private right of action for borrowers. However, if that cause of action was intended to be made under a different statute, such as that listed in the title of the claim, the Court grants leave to amend. Plaintiff's second cause of action is also DISMISSED WITH PREJUDICE.

Should the Plaintiff wish to amend his complaint, any amendment shall be filed on or before March 14, 2012.

**IT IS SO ORDERED.**

Dated: 2/1/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT